UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEO L. SIMMONS, | No. 2:22-cv-1516 TLN AC P |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| KATHLEEN ALLISON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

I.  Application to Proceed In Forma Pauperis

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF No. 8. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

II.  Petition for Writ of Habeas Corpus

The petition states that petitioner is challenging his 2019 conviction for four counts of robbery with firearm enhancements on the ground that he received ineffective assistance of counsel. ECF Nos. 1 at 1, 6.

Rule 4 of the Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that

1

the petitioner is not entitled to relief in the district court." Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from one of several alternative triggering dates. See 28 U.S.C. § 2244(d)(1). In this case the applicable date appears to be that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). However, under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2).

> When untimeliness is obvious on the face of a habeas petition, the district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on that ground. Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001). However, "that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond." Id. at 1043; see also Day v. McDonough, 547 U.S. 198, 210, 126 S. Ct. 1675, 164 L. Ed.2d 376 (2006). For a pro se petitioner . . . , the court must make clear the grounds for dismissal and the consequences of failing to respond. Herbst, 260 F.3d at 1043 (citing Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998)).

Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012).

Based on review of the petition for habeas corpus, it appears that the petition is untimely. Petitioner indicates that he sought direct review of his conviction by the California Supreme Court, and that his petition for review was denied on May 12, 2021. ECF No. 1 at 3-4. He further indicates that he did not submit a petition for writ of certiorari to the Supreme Court of the United States (id. at 4), which means his conviction became final at the expiration of the ninety-day period to seek certiorari immediately following the decision of the state's highest court. Clay v. United States, 537 U.S. 522, 528 n.3 (2003) (citations omitted); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The conviction therefore became final on August 10, 2021, and the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year clock began on August 11, 2021. Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (the day order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final (citing Fed. R. Civ. P. 6(a))).

////

Absent tolling, petitioner had until August 11, 2022, to file a federal habeas corpus petition. However, the certificate of service indicates that the petition was not submitted for mailing until August 25, 2022.[1] ECF No. 1 at 16. The petition therefore exceeds the statute of limitations by two weeks unless petitioner is entitled to statutory or equitable tolling, neither of which is apparent from the face of the petition.[2] Petitioner will therefore be required to show cause in writing why the petition should not be dismissed as untimely.

With regard to statutory tolling, the limitations period may be tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "However, the statute of limitations is not tolled 'from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed.'" Roy v. Lampert, 465 F. 3d 964, 968 (9th Cir. 2006) (alteration in original) (quoting Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)). State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "The diligence required

---

[1] Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule and his petition is considered filed as of the date he submitted it to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] The petition indicates that petitioner did not file any state habeas petitions. ECF No. 1 at 4, 13.

for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted).

A showing of actual innocence can also satisfy the requirements for equitable tolling. Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup[3] gateway and have his constitutional claims heard on the merits." Lee, 653 F.3d at 937; accord, McQuiggin, 569 U.S. at 386. To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner cannot pursue a claim for actual innocence without new evidence to offer for consideration.

III. Plain Language Summary of this Order for a Pro Se Litigant

You will have thirty days to explain to the court why your petition is not late. If you believe that you are entitled to statutory tolling while you were pursuing a state habeas petition, you will need to provide information regarding when you filed that petition and when you received any orders granting or denying the petition. If you are trying to show the court that you are entitled to equitable tolling, you will need to show that you were diligent in pursuing your claims and that you were faced with extraordinary circumstances that made it impossible for you to file your petition within the one-year time period. If you are trying to claim tolling based on your actual innocence, you must provide new evidence in support of that claim. If you cannot show the court that the petition is timely, it will be recommended that the case be dismissed.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 8) is GRANTED.

---

[3] In Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court announced that a showing of actual innocence could excuse a procedural default and permit a federal habeas court to reach the merits of otherwise barred claims for post-conviction relief.

2. Within thirty days of service of this order, petitioner must show cause in writing why the petition should not be dismissed as untimely. Failure to comply with this order will result in a recommendation that the petition be dismissed.

DATED: October 21, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE